UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACOB WALLER,
    Plaintiff,

vs.                                          Case No.:  1:21cv196/AW/ZCB

JAMES KNIGHT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights case brought under 42 U.S.C. § 1983.  (Docs. 1, 7).  In his complaint, Plaintiff named three "Doe" Defendants—"John Doe I," "John Doe II," and "John Doe III."  (Doc. 7 at 4-5).  Discovery ended in this case on July 8, 2022, and Plaintiff has failed to identify the "Doe" Defendants by their names.  (*See* Doc. 27).

On February 24, 2023, the Court ordered Plaintiff to show cause, if any, why his claims against the three "Doe" Defendants should not be dismissed based on Plaintiff's inability to identify and perfect service of process on them.  (Doc. 45).  Plaintiff was warned that failure to comply with the order would result in a recommendation of dismissal of the three "Doe" Defendants from this action.  (*Id.* at 2).  Plaintiff has not responded to the Court's order.

"As a general matter, fictitious-party pleading is not permitted in federal court."  *See, e.g.*, *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see*

1

*also Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020). Eleventh Circuit precedent has allowed plaintiffs to sue real parties under fictitious names only when use of the "Doe" label is, "at the very worst, surplusage" because the plaintiff's description of the defendant is "sufficiently clear to allow service of process." *Dean v. Barber*, 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992).

Here, Plaintiff's complaint failed to describe the three "Doe" Defendants in a sufficiently clear manner to allow for service of process. (*See* Doc. 7). Plaintiff had ample opportunity to identify the three "Doe" Defendants during the discovery period. *Morris v. Macon-Bibb Cnty. Consol. Gov't*, No. 1:14-CV-00892-AT, 2015 WL 12851541, at *11 (N.D. Ga. Mar. 31, 2015) (indicating that a plaintiff should use discovery to obtain the necessary information to identify fictitious defendants). Yet he failed to do so.

And when Plaintiff was given an opportunity to explain why the "Doe" Defendants should not be dismissed from this case, he failed to respond. Plaintiff's actions exhibit a lack of prosecution against the three "Doe" Defendants. Dismissal is, therefore, appropriate. *See Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) (affirming the district court's dismissal of "John Doe" defendants when the plaintiff "completely failed to describe some of th[e] officers," "gave general descriptions of others, such as by indicating the duty stations to which they were assigned," and "did not timely request any discovery that would have allowed him

to learn their names and serve process on them"); *see also* *Zeitoun v. Riedl*, No. 3:14-cv-432, 2017 WL 4155455, at *5 (M.D. Fla. Sept. 19, 2017) (dismissing unknown defendants for plaintiff's lack of prosecution when the plaintiff "neither identified these Defendants, requested additional time to do so, nor provided the Court with descriptive information that may assist in identifying them").

For these reasons, it is respectfully **RECOMMENDED** that Defendants John Doe I, John Doe II, and John Doe III be **DISMISSED without prejudice** as parties to this action.

At Pensacola, Florida, this 13th day of April 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**