UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACOB WALLER,
    Plaintiff,

v.                                      Case No.: 1:21cv196/AW/ZCB

JAMES KIGHT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a prisoner who filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis*. One of the named Defendants is Nurse S. Cooper. Despite reasonable efforts, the United States Marshals Service (USMS) has been unable to serve Defendant Cooper. Thus, Plaintiff's claims against Defendant Cooper should be dismissed under Federal Rule of Civil Procedure 4(m).

### I.    Background

Upon filing this case, Plaintiff requested (and received) leave to proceed *in forma pauperis*. (Docs. 1, 2, 4). Plaintiff's amended complaint named seven defendants, including Nurse Cooper. (Doc. 7).[1] Plaintiff has accused Defendant

---

[1] Plaintiff also named three corrections officers, Defendants Kight, Lord, and White, and three unidentified "Doe" Defendants. (Doc. 7). The three "Doe" Defendants have been dismissed. (Docs. 48, 51). Plaintiff's claims against Defendant White were dismissed at summary judgment. (Docs. 44, 46). Only Plaintiff's excessive force claims against Defendants Kight and Lord remain. (*Id.*)

1

Cooper of being deliberately indifferent to his serious medical need on November 17, 2017. Because Plaintiff is proceeding *in forma pauperis*, the Court directed the USMS to serve the named Defendants. (Doc. 8).

U.S. Magistrate Judge Gary Jones presided over the initial attempts to serve Defendant Cooper. Judge Jones first directed the USMS to send a copy of the amended complaint and summons to the specially appointed process server at the prison. (Doc. 8). The specially appointed process server informed the USMS that Defendant Cooper was "not employed at [Cross City Correctional]." (Doc. 11). Judge Jones then ordered the USMS to "undertake reasonable efforts" to locate and serve Defendant Cooper. (Doc. 12). The USMS was unable to locate Defendant Cooper. (Doc. 14). Judge Jones ordered Plaintiff to provide an address for Defendant. (Doc. 15). When Plaintiff failed to provide an address, Judge Jones issued an order directing Plaintiff to show cause why his claims against Defendant Cooper should be dismissed. (Doc. 20). Plaintiff never responded.

This case was subsequently reassigned. (Doc. 42). Recognizing that the statute of limitations would likely prevent Plaintiff from refiling this lawsuit against Defendant Cooper at a later date, the undersigned wanted to ensure exhaustive efforts were made to serve Defendant Cooper. Accordingly, the Court ordered Defendant Cooper's former employer, Centurion, to provide an address for Defendant Cooper or file a notice of appearance on Defendant Cooper's behalf.

(Doc. 47). Centurion provided a confidential address to the USMS. (Doc. 52). The USMS then sent service documents through first class mail to the address provided by Centurion. (Doc. 53). After no waiver of service form was returned, the Court ordered the USMS to attempt personal service on Defendant Cooper at the address provided by Centurion. (Doc. 54). But the USMS was unable to locate Defendant Cooper at that address. (Doc. 56).

The Court then instructed Plaintiff to (1) submit an address where Defendant Cooper could be served, (2) file a notice voluntarily dismissing Defendant Cooper, or (3) show cause as to why Defendant Cooper should not be dismissed for lack of service. (Doc. 57). Plaintiff has not responded to the Court's order.

## II.   Discussion

Under Rule 4(m) of the Federal Rules of Civil Procedure, a matter should be dismissed against a defendant who "is not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). That time period can be extended "if the plaintiff shows good cause for the failure" to serve. *Id*. When a plaintiff is proceeding *in forma pauperis*, the Court will instruct the USMS to serve the defendants. 28 U.S.C. § 1915(d). Generally, the USMS's inability to perfect service "through no fault" of the plaintiff "constitutes 'good cause' for the plaintiff's failure to effect timely service." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009). The Eleventh Circuit has said that it "is unreasonable to expect incarcerated

and unrepresented prisoner-litigants to provide the current addresses of [] defendants who no longer work at the prison." *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010). Thus, where the USMS "can locate the [] defendant with reasonable effort, prisoner-litigants who provide enough information to identify the [] defendant have established good cause for Rule 4(m) purposes." *Id*. at 740.

Dismissal for lack of service is warranted, however, if the USMS cannot perfect service after exercising reasonable efforts. *Id*. at 738. Courts throughout the Eleventh Circuit have dismissed defendants for lack of service in such situations. *See, e.g.*, *Quilling v. Clark*, No. 4:10cv404, 2012 WL 2379888, at *2 (N.D. Fla. May 23, 2012) (stating that claims against former prison guards should be dismissed because "[n]umerous efforts were made by the Marshals Service in attempting to locate and serve the Defendants," and their whereabouts remained unknown); *Davis v. Young*, No. 5:12-CV-294, 2013 WL 4779220, at *1, *4 (M.D. Ga. Sept. 5, 2013) (dismissing claims against former prison guard for lack of service where the "record establishe[d] that [Defendant] could not be located with reasonable effort by the Court to effectuate service"); *Daniels v. Dunn*, No. CV 16-00565, 2018 WL 5931141, at *2 (S.D. Ala. Sept. 10, 2018) (explaining that dismissal was warranted because "[d]espite the Court's exhaustion of reasonable efforts to serve Defendant" he was unable to be found and served); *Walker v. Barfield*, No. 5:19-cv-73, 2022

4

WL 1481801, at *2 (S.D. Ga. Apr. 13, 2022) (recommending dismissal because the defendants could not be served "despite the Marshals Service's best efforts").

Here, the USMS has repeatedly tried to serve Defendant Cooper. Despite the reasonable (and persistent) efforts by the Court and the USMS, Defendant Cooper has not been served. The Court has considered whether other circumstances warrant a further extension of the Rule 4(m) period. They do not. Perhaps the most important "other circumstance" to consider here is that Plaintiff's claims against Defendant Cooper will likely be time-barred if dismissed. (Doc. 7 at 7) (noting the events giving rise to this lawsuit occurred on November 21, 2017); *see Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (recognizing that the statute of limitations for § 1983 claims in Florida is four years). But a "district court is not required to grant an extension even if it concludes that Plaintiff is now barred from refiling his claims." *Giddens v. Brooks Cnty.*, No. 21-11755, 2022 WL 836273, at *7 (11th Cir. Mar. 21, 2022) (citing *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007)). A district court must, however, "at least consider" the fact that Plaintiff's future claims would be time-barred. *Id*. The Court has taken that fact into consideration here. Indeed, it is why the Court made additional efforts to perfect service after the initial efforts failed.

At the end of the day, there is no reason to believe that if given more time the USMS would be able to serve Defendant Cooper. And Plaintiff has not responded

5

to the Court's order requiring he submit an address at which Defendant Cooper could be served or show cause as to why Defendant Cooper should not be dismissed for failure to serve. (Doc. 57). Under these circumstances, providing even more time to serve Defendant Cooper would be a pointless exercise.

Other courts have reached the same conclusion in similar situations. *See, e.g.*, *Cammilletti v. Shinn*, No. CV-20-2150, 2022 WL 4227369, at **4-7 (D. Ariz. Aug. 22, 2022) (dismissing even when the statute of limitations would bar plaintiff's claims because there was "no information in the record indicating that granting an additional time for service of Defendant [] w[ould] be useful for effectuating service"); *Peterson v. United States*, No. CV 15-00143, 2018 WL 7505633, at *4 (C.D. Cal. Dec. 28, 2018) (recommending dismissal of unserved defendants "[a]lthough Plaintiff's claims would likely be time-barred" because "the likelihood of eventual service is minimal given the length of time that has passed since the events alleged in the lawsuit"); *Adams v. Bougker*, No. 3:12cv787, 2013 WL 5165413 (M.D. Tenn. Sept. 12, 2013) (recommending dismissal for failure to serve even though "Plaintiff may be barred from bringing his suit again").

This case needs to move forward. The Court cannot delay the litigation in perpetuity in the hopes that someday Defendant Cooper may be served. The USMS, acting on the Court's behalf, has undertaken reasonable efforts to locate and serve

Defendant Cooper. Unfortunately, those reasonable efforts have failed. The claims against Defendant Cooper, therefore, should be dismissed for lack of service.

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. The claims against Defendant Cooper be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 4(m) for lack of service.

2. The Clerk of Court terminate S. Cooper as a Defendant in this case.

3. This matter be referred back to the undersigned for further proceedings.

At Pensacola, Florida, this 15th day of September 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**