UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JACOB WALLER,
    Plaintiff,

v.                                  Case No.:  1:21cv196/AW/ZCB

JAMES KIGHT, et al.,
    Defendants.
                                  /

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. (Doc. 1). On October 19, 2023, the Court ordered Plaintiff to file a statement of facts, exhibit list, and witness list by November 9, 2023. (Doc. 60). Plaintiff did not file those documents within the time allowed. So, on November 17, 2023, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to comply with an order of the Court. (Doc. 61). The time for compliance with the show cause order has expired, and Plaintiff has neither responded to the order nor filed his pretrial documents.[1]

---

[1] According to the docket, the order to show cause (Doc. 61) was returned as undeliverable because Plaintiff was no longer at his record address. Plaintiff was advised at the outset of this case that he must ensure the

1

The Court has provided Plaintiff with repeated chances to prosecute this case. The Court has issued multiple show cause orders in this case, almost all of which Plaintiff failed to respond to. (Docs. 20, 28, 29, 38, 41, 45, 61). Indeed, Plaintiff has not filed anything in this case since June 21, 2022. (*See* Doc. 30). Plaintiff's lack of participation for approximately eighteen months is a clear indication that he has abandoned this case.

Moreover, the Court has repeatedly told Plaintiff that his failure to comply with Court orders as directed would result in a recommendation of dismissal. And on November 17, 2023, the Court again told Plaintiff that failure to comply with the order to show cause would result in a recommendation of dismissal for failure to comply with a Court order and lack of prosecution. (Doc. 61). Yet, Plaintiff failed to comply with the Court's order.

---

Clerk of Court has his current mailing address. Plaintiff was further instructed that he must promptly notify the Clerk of Court of any change in address. (Docs. 3, 62). Plaintiff has failed to follow that instruction.

For the reasons above, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**[2] for Plaintiff's failure to comply with an order of the Court and failure to prosecute. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or a court order"); *see also* Fed. R. Civ. P. 41(b) (authorizing dismissal if "the plaintiff fails to prosecute"); *Jones v.*

---

[2] To the extent that Plaintiff's claims may be barred from re-filing by the statute of limitations, making this dismissal effectively one with prejudice, the Court finds that Plaintiff has engaged in a pattern of willful delay, has repeatedly ignored Court orders despite being warned that his failure to respond could result in dismissal, and lesser sanctions would be inadequate. *See generally Jenkins v. Security Engineers, Inc.*, 798 F. App'x 362, 371 (11th Cir. 2019) (affirming dismissal with prejudice for failure to prosecute where the plaintiff's conduct "demonstrated that she had no intention of pursuing her claim or complying with the district court's orders," and the district court found a pattern of willful delay that could not be remedied with lesser sanctions). Plaintiff has repeatedly failed to comply with Court orders (numerous show cause orders have been issued) and has not actively participated in this litigation for approximately eighteen months. That conduct has certainly delayed this litigation—litigation that Plaintiff commenced. Additionally, lesser sanctions would not suffice to address Plaintiff's failure to comply with the Court's pretrial order and his failure to prosecute this case. The Court has bent over backwards and provided Plaintiff with chance after chance to litigate this case. Yet, it is clear Plaintiff has no intent to follow the Court's orders despite being warned repeatedly that dismissal would result. The Court cannot delay the litigation in perpetuity with the hope that someday Plaintiff may re-appear and follow the Court's orders. Under the circumstances, the Court does not believe that a sanction less than dismissal would be sufficient.

*Graham*, 709 F.2d 1457, 1462 (11th Cir. 1983) (affirming dismissal where there was a "long pattern of conduct which amounted to want of prosecution and several failures by plaintiffs to obey court rules and orders").

At Pensacola, Florida, this 12th day of December 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.